UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DICSON JOSE BELLO TORO,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ICE PROCESSING CENTER,

Respondent.

Case No. 1:26-cv-06421 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Dicson Jose Bello Toro is an immigration detainee awaiting the outcome of his removal proceedings. Fleeing Venezuela, he first entered the United States in January 2024 and was briefly detained by ICE. *See* Dkt. No. 7 at 13. He was subsequently paroled into the country under 8 U.S.C. § 1182(d)(5)(A). *See id.*; Dkt. No. 8 at 2. In granting his parole, DHS would have necessarily found that Petitioner "present[ed] neither a security risk nor a risk of absconding." *See* 8 C.F.R. § 212.5(b); *Gasparyan v. Blanche*, No. 2:26-cv-05139-AYP, 2026 WL 2456687, at *5 (C.D. Cal. July 27, 2026) (citing cases). Following his release on parole, Petitioner applied for asylum and began living freely in the United States. *See* Dkt. No. 8 at 3. In April 2026, ICE officers detained Petitioner following his release from county jail. *See* Dkt. No. 7 at 16. Petitioner had recently pled no contest to a misdemeanor charge for driving while intoxicated. *Id.* at 23–24.

Petitioner contends that his re-detention violated his Fifth Amendment right to due process. Dkt. No. 1 at 6–7. Many prior orders within this district and throughout the Ninth Circuit are dispositive on the issues raised in the Petition. *See, e.g. Zeus Humberto R.Z. v.*

*Chestnut*, No. 1:26-CV-07791-TLN-SCR, 2026 WL 3181271 (E.D. Cal. Oct. 23, 2026); *Blanco-Rodriguez v. Hernandez*, No. 2:26-CV-03494-JNW, 2026 WL 3072377 (W.D. Wash. Oct. 14, 2026); *Diaz-Alfonso v. Warden, California Cty. Immigration Processing Ctr.*, No. 1:26-CV-07682-DC-CKD, 2026 WL 3060522 (E.D. Cal. Oct. 13, 2026). For the reasons stated in those cases, Petitioner is entitled to relief.

Petitioner has a clear liberty interest in his continued freedom following his release from DHS custody in 2024 on parole. *See R.A.N.O. v. Wofford,* 820 F. Supp. 3d 1094, 1102–03 (E.D. Cal. 2026) (holding that noncitizen had a protected liberty interest following his grant of humanitarian parole). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), he has a substantial private interest in maintaining his out-of-custody status following his grant of parole, the risk of erroneous deprivation without a hearing is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents oppose relief, arguing that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b), though they do not specify whether subsection (b)(1) or (b)(2) is applicable.[1] *See* Dkt. No. 7 at 1–2. Regardless of the applicable detention authority, Petitioner's liberty interest described above is still protected by the due process clause as DHS previously determined that he was eligible for parole status. *See Padilla v. United States Immigr. & Customs Enf't*, No. 24-2801, 2026 WL 2822044, at *19 (9th Cir. Sept. 21, 2026) ("Noncitizens who arrive illegally and are found away from the border well after arrival are protected from arbitrary detention in violation of the Due Process Claus."). As Petitioner was not provided with notice of the reason for his re-detention, nor any opportunity to challenge the decision to re-detain him, his due process rights were violated.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is

[1] Based on records submitted by Respondents, Petitioner pled no contest to a misdemeanor charge for driving while intoxicated in early April. Dkt. No. 7 at 23–24. Aside from attaching documents relevant to this conviction, Respondents do not otherwise explain its legal or factual significance. Accordingly, any argument with respect to this conviction is waived.

GRANTED. Respondents are ORDERED to immediately release Dicson Jose Bello Toro from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances under which Respondents may re-detain Petitioner if he becomes subject to a final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: October 30, 2026

VINCE CHHABRIA
United States District Judge